Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Gordon M. Fauth, Jr. (State Bar No. 190280)
gmf@classlitigation.com
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 238-9610
Facsimile (510) 337-1431

*Attorneys for Individual and Representative*
*Plaintiff Genevieve Meyer*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENEVIEVE MEYER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV-10-05858 CRB<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS PURSUANT TO LOCAL RULE 7-9**<br><br>Judge: The Honorable Charles R. Breyer<br>Department: 8 |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Genevieve Meyer ("Plaintiff") hereby moves pursuant to Local Rule 7-9 for leave to file a motion for reconsideration of the Court's Order granting Defendant T-Mobile USA, Inc.'s ("T-Mobile") motion to compel arbitration and stay claims dated September 23, 2011.  Dkt. # 31 ("MTC Order").  Plaintiff respectfully submits that the Court's Order did not consider certain material facts and/or dispositive legal arguments that were presented to the Court.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support Thereof and the pleadings and papers on file herein.  Pursuant to Local Rule 7-9(d), unless otherwise ordered by the court, no response need be filed and no hearing will be held concerning this motion.  Additionally, pursuant to Local Rule 7-9(d), if the Court decides to order the filing of additional papers or determines that the matter warrants a hearing, the Court will fix an appropriate schedule

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully seeks leave to file a motion for reconsideration of the Court's MTC Order, which was decided without oral argument. Plaintiff respectfully avers that the MTC Order failed to consider material facts or dispositive legal arguments in the following respects:

First, Plaintiff respectfully submits that the Court erred in finding no degree of procedural unconscionability based on the California Supreme Court's instruction in *Gentry v. Superior Court,* 42 Cal. 4th 443 (2008) that a Court's determination into unconscionability must be measured on a sliding scale.

Second, Plaintiff respectfully submits that the Court erred in failing to consider facts and legal arguments regarding substantive unconscionability when it held that Plaintiff's Request for Judicial Notice was improperly filed. Plaintiff submits that under Fed. R. Evid. 201, the Court was required to consider the documents attached to the Request for Judicial Notice, which was further evidence of the arbitration provision's lack of mutuality and consequent substantive unconscionability.

Third, Plaintiff respectfully submits that Plaintiff's request to conduct limited arbitration-related discovery prior to a ruling on Defendant's motion should have been granted under the relevant authorities. In particular, the MTC Order failed to consider certain of Plaintiff's proposed discovery requests that were highly relevant and narrowly tailored to the issues critical to the procedural unconscionability analysis, including the formation of Plaintiff's contract with T-Mobile, the sequence of events at issue, and whether an agreement to arbitrate was ever accepted by Plaintiff. Moreover, the Court's denial of any discovery into T-Mobile's "Opt-Out" procedures deprived Plaintiff of discovery that the Ninth Circuit has deemed necessary and highly relevant when such an "opt-out" clause is involved, and the opt-out issue here was indeed critical to this Court's decision.

With all due respect to the Court, Plaintiff requests that the Court grant her leave to file a motion for reconsideration of the factual and legal findings made in the MTC Order.

## II. LEGAL STANDARDS FOR RECONSIDERATION

Before final judgment, "any party may make a motion before a judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge"

on the grounds enumerated by local rule. L.R. 7-9(a). To secure leave to file a motion for reconsideration, a party may show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." L.R. 7-9(b)(3).

### III. ARGUMENT

#### A. The Decision Reflects A Manifest Failure To Consider Facts And Dispositive Legal Arguments Plaintiff Presented To The Court Regarding Procedural Unconscionability

Although recognizing that the Service Agreement was a standardized contract drafted by T-Mobile, the party with superior bargaining power, the Court nevertheless held that, "Because the arbitration agreement contains an opt-out provision and is presented in a clear format, the arbitration agreement is not procedurally unconscionable." Order at 9. Plaintiff respectfully submits that the Court erred in finding no degree of procedural unconscionability at all. As the California Court of Appeal recently reiterated, unconscionability is measured on a sliding scale. *Sanchez v. Valencia Holding Company, LLC,* No. B228027, 2011 WL 5027488, at *7 (Cal. App. 2 Dist. Oct. 24, 2011). Indeed, the California Supreme Court's instruction in *Gentry v. Superior Court,* 42 Cal. 4th 443 (2008), explained that:

> [T]here are degrees of procedural unconscionability. At one end of the spectrum are contracts that have been freely negotiated by roughly equal parties, in which there is no procedural unconscionability[.] Although certain terms in these contracts may be construed strictly, courts will not find these contracts substantively unconscionable, no matter how one-sided the terms appear to be. [] Contracts of adhesion that involve surprise or other sharp practices lie on the other end of the spectrum. [] Ordinary contracts of adhesion, although they are indispensable facts of modern life that are generally enforced [], contain a degree of procedural unconscionability even without any notable surprises, and "bear within them the clear danger of oppression and overreaching." []

*Gentry*, 42 Cal. 4th at 469 (citations omitted).

In reversing the court of appeal's decision holding that there was no procedural unconscionability due to the presence of an opt-out clause, like the one at issue here, the California Supreme Court explained:

> [A] conclusion that a contract contains no element of procedural unconscionability is tantamount to saying that, no matter how one-sided the contract terms, a court will not disturb the contract because of confidence that the contract was negotiated or chosen freely, that the party subject to a seemingly one-sided term is presumed to have obtained some advantage from conceding the term or that, if one party negotiated poorly, it is not the court's place to rectify these kinds of errors or asymmetries. Accordingly, if we take the Court of Appeal in this case at its word that there was no element of procedural unconscionability in the arbitration agreement because of the 30-day opt-out provision, then the logical conclusion is that a court would have no basis under common unconscionability analysis to scrutinize or overturn even the most unfair or exculpatory terms.

*Id.* at 470.

Further, the Ninth Circuit has made it clear that an opt-out clause has to be meaningful. *See Davis v. O'Melveny & Meyers,* 485 F.3d 1066, 1074 (9th Cir. 2006). Here, the Court did not allow the Plaintiff any discovery as to whether the opt-out clause was meaningful, as set forth in Section III.C below. Plaintiff, therefore, respectfully requests that the Court reconsider its finding that the Service Agreement is not procedurally unconscionable.

### B. The Decision Reflects a Manifest Failure to Consider Facts and Dispositive Legal Arguments Regarding Substantive Unconscionability

In support of Plaintiff's argument that the arbitration clause contained in the Service Agreement lacked mutuality and in response to T-Mobile's argument for the first time on reply that it has never sued its customers in court, Plaintiff requested judicial notice of complaints that T-Mobile filed in federal court against customers subject to the Service Agreement. *See* Dkt. # 25. Plaintiff respectfully submits that the Order holding that Plaintiff's Request for Judicial Notice was "improperly filed" was in error. *See* MTC Order at 3, n.3. Fed. R. Evid. 201(d) states that a court must take judicial notice "if

requested by a party and supplied with the necessary information." *See also Austero v. Aurora Loan Services, Inc.,* C-11-00490 JCS, 2011 WL 3359729 (N.D. Cal. Aug. 3, 2011) (judicial notice is mandatory under Fed. R. Evid. 201(d) if requested by a party and supplied with the necessary information). Defendant did not contest that it was not supplied with the necessary information. Moreover, Fed. R. Evid. 201(f) makes clear that judicial notice "may be taken at any stage of the proceeding." *See also San Francisco Baykeeper v. W. Bay Sanitary Dist.,* C 09-5676 EMC, 2011 WL 97743 (N.D. Cal. Jan. 12, 2011) ("Rule 201 provides an avenue for the Court to take judicial notice of reasonably indisputable adjudicative facts *at any time*.") (emphasis added); *In re Tamarack Resort, LLC,* BKR. 09-03911-TLM, 2010 WL 1049955 (Bankr. D. Idaho Mar. 17, 2010) (granting request for judicial notice even though request was filed *after* the hearing) (emphasis added).

Although the Court held that Plaintiff's Request for Judicial Notice was improperly filed under Civil L.R. 7-3(d), Plaintiff respectfully submits that the Court failed to consider that under Fed. R. Evid. 201(f), a request for judicial notice may be filed at *any stage* of the proceeding. *San Francisco Baykeeper*, 2011 WL 97743. To the extent that Civil L.R. 7-3(d) conflicts with the Federal Rules of Civil Procedure in this regard, the Ninth Circuit has made it clear that when called upon to construe local rules, a court is "under an obligation to construe local rules so that they do not conflict with the federal rules." *See Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995); *see also Colgrove v. Battin,* 413 U.S. 149, 161, n. 18 (1973) (where a conflict arises between a court's local rules and federal rules, the "federal rules must prevail."). Because Civil L.R. 7-3(d) cannot override Fed. R. Evid. 201's provision that a request for judicial notice can be considered at any time, Plaintiff respectfully submits that the Court's holding that the request was improperly filed was in error. Since Plaintiff's Request for Judicial Notice supplied the necessary information supporting how the requested documents were appropriate for judicial notice (*see* Dkt # 25 at 2-3), the Request for Judicial Notice was properly filed, and the Court should have taken judicial notice of the documents.

Additionally, the Court improperly deemed the evidence attached to the Request for Judicial Notice as irrelevant because they were merely "alleged trade infringement and computer hacking by parties who were not legitimate T-Mobile customers." MTC Order at 3, n.3. Unfortunately, it is T-

- 4 -

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Mobile that characterized the complaints in this way.  The complaints, however, are evidence in support of Plaintiff's arguments that the arbitration provision exhibits a lack of mutuality since people who buy T-Mobile's products or services (for whatever reason) are forced to arbitrate their claims while T-Mobile can sue (and has sued) in courts.  Such a lack of mutuality supports a finding that the arbitration provision is substantively unconscionable.  *See Fitz v. NCR Corp.,* 118 Cal. App. 4th 702, 724 (2004) ("An agreement may be unfairly one-sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought by the stronger party.").  T-Mobile's ability to sue its customers in court[1] taken with T-Mobile's ability to assign its own billing disputes to a collection agency that can also sue in court while denying the same right to its customers evinces a lack of mutuality that supports a finding of substantive unconscionability.  Whether or not the customers T-Mobile has sued may have engaged in illegal activity is irrelevant since T-Mobile still brought suit against customers in federal court and stated that they are bound to the Terms and Conditions.  *See* Dkt. # 25, Exhs. A-E.

---

[1] T-Mobile's Terms & Conditions specifically reserves its own right to sue customers for any "misuse" or service or any device.  But whether T-Mobile sues legitimate customers or customers allegedly engaged in fraudulent activity is beside the point; T-Mobile reserves its own right to sue customers in court while denying that same right to all customers, thus evincing a lack of mutuality.  As this provision states:

> 16. ***Misuse of Service or Device**.  You agree not to misuse the Service or any Device, including: (a)  reselling or rebilling our Service; (b) using the Service or Device to engage in unlawful activity, or engaging in conduct that adversely affects our customers, employees, business, or any other person(s), or that interferes with our operations, network, reputation, or ability to provide qualify service; (c) tampering with or modifying your Device; (d) "spamming" or engaging in other abusive or unsolicited communications; (e) reselling T-Mobile Devices for profit, or tampering with, reprogramming or altering Devices for the purpose of reselling the Device; or (f) assisting or facilitating anyone else in any of the above activities.  You agree that you won't install, deploy, or use any regeneration equipment of similar mechanism (for example, a repeater) to originate, amplify, enhance, retransmit or regenerate a transmitted RF signal.  You agree that a violation of this section harms T-Mobile, which cannot be fully redressed by money damages, and that *T-Mobile shall be entitled to immediate injunctive relief in addition to all other remedies available*.

Dkt. # 17-1, Ex. D (emphasis added).

C. **Plaintiff Should Have Been Given An Opportunity To Conduct Limited Arbitration-Related Discovery Prior To A Ruling On The Arbitration Motion.**

1. **Case Law Supports Discovery Into Both Contract Formation and Unconscionability.**

Plaintiff's request to conduct limited arbitration-related discovery prior to a ruling on Defendant's motion should have been granted, and the Order failed to consider certain of Plaintiff's proposed discovery requests. (*See* Opposition at 17; Declaration of Rosemary M. Rivas in Support Of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay Claims ("Rivas Decl."), Exh. G, Document Requests 1-14; Exh. H, Interrogatories 1-9.) It is settled that such limited discovery should be allowed into factual questions that go to, among other things, the threshold issue of whether an arbitration clause even exists and whether it is unconscionable. *See, e.g., Alvarez v. T-Mobile,* No. 10-2373-WBS-GGH, 2011 WL 4566440, at *3 (E.D. Cal. Sept. 29, 2011) (whether there is an agreement to arbitrate is a threshold issue upon which discovery was granted); *Hoffman v. Citibank (S. Dakota), N.A.,* 546 F.3d 1078, 1084-85 (9th Cir. 2008) (reversing order compelling arbitration to allow discovery into the "nature and scope" of defendant's arbitration provision, particularly its opt-out clause, to determine whether it provided "enough of a meaningful opportunity to opt out to be enforceable"); *Duffield v. Robertson Stephens & Co.*, 144 F. 3d 1182, 1186 (9th Cir. 1998) (noting district court had allowed "extensive discovery" into arbitration system); *Hamby v. Power Toyota Irvine,* No. 11cv544-BTM (BGS), 2011 WL 2852279 (S.D. Cal. July 18, 2011) (allowing discovery into unconscionability issues); *Alzaidi v. U-Haul Co. of Kansas, Inc.,* 09-2293-CM, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009) (allowing discovery into agreement to arbitrate); *Brumfield v. Pioneer Credit Co.,* 291 F. Supp. 2d 462, 470 (S.D. Miss. 2003) (granting limited discovery); *PCH Mut. Ins. Co., Inc. v. Cas. & Sur., Inc.,* 569 F. Supp. 2d 67, 78 (D.D.C. 2008) (allowing discovery relating to arbitrability); *Toppings v. Meritech Mortg. Services, Inc.,* 140 F. Supp. 2d 683, 685 (S.D. W.Va. 2001) (allowing discovery into issues including unconscionability); *Blair v. Scott Specialty Gases,* 283 F.3d 595, 608-09 (3d Cir. 2002) (remanding to allow discovery into costs of arbitration); *Livingston v. Associates Fin., Inc.,* 2001 WL

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

709465, at *2 (N.D.Ill. June 25, 2001) ("axiomatic" that where burden on Plaintiff, discovery must be allowed).

The Court found that "[b]ecause Plaintiff's proposed discovery requests are either overly broad or irrelevant to the disposition of the pending Motion, Plaintiff is not entitled to discovery." MTC Order at 17. As set forth below, Plaintiff's discovery requests were highly relevant to issues that this Court found dispositive in deciding Defendant's motion. And, to the extent the Court found Plaintiff's requests were too broad, Plaintiff could have narrowed the requests, which is preferable to an order rather denying all of her requests outright as they are necessary to a fair resolution of the issues before the Court.

### 2. Discovery Into Contract Formation Is Necessary To Determine Whether Plaintiff Accepted The Agreement To Arbitrate.

The Court appears to have concluded that Plaintiff's proposed discovery requests did not relate to the validity of Plaintiff's purported agreement to arbitrate. *See* MTC Order at 16. To the contrary, among other things, Plaintiff's requests were designed to probe the formation of Plaintiff's contract with T-Mobile and, especially, the sequence of events by which Plaintiff purportedly accepted an agreement that, to the best of her recollection, she was never given.[2]

Interrogatory No. 8 asked T-Mobile to describe in detail the process and timeline "by which CUSTOMERS were presented with the ARBITRATION PROCEDURES and consented to the ARBITRATION PROCEDURES." (*See* Rivas Decl., Exh. H.) This interrogatory would have captured the full process and order of events by which T-Mobile purportedly elicited Plaintiff's agreement to its arbitration provision, rather than just the selective, one-sided version presented to the court by T-Mobile.

Document Request No. 1 asked for all documents referred to, relied on or identified in T-Mobile's responses to Plaintiff's interrogatories. (Rivas Decl., Exh. G.) This request would have produced all the documents involved in the sequence of events described in response to Interrogatory No. 8, rather than just the self-serving subset T-Mobile presented to the Court.

---

[2] Because Plaintiff was not given the opportunity to conduct discovery on this issue, she could not make an argument as to whether an arbitration agreement existed, which is a threshold issue.

- 7 -

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Similarly, Plaintiff should be allowed to depose the declarant, Andrea M. Baca, to ascertain her personal knowledge (which Plaintiff objected to), since T-Mobile bears a summary judgment burden to show that an agreement to arbitrate exists. *See Gonzalez v. Citigroup, Inc.,* 2011 WL 4374997, at *2 (E.D. Cal. Sept. 19, 2011) (denying motion to compel arbitration since defendant did not meet its summary judgment like burden showing that an agreement to arbitrate existed); *see also Hergenreder v. Bickford Senior Living Group, LLC*, No. 10–1474, 2011 WL 3805613, *3 (6th Cir. Aug. 30, 2011) (Vice President's affidavit that arbitration clause was distributed to all employees insufficient to meet burden to show arbitration agreement; arbitration denied).

Document Request No. 4 asked for all documents relating to Plaintiff Meyer. (Rivas Decl., Exh. G.) Clearly, these documents were highly relevant to the Court's inquiry. We know that, to the best of her knowledge, Ms. Meyer was not requested to sign any document containing an arbitration provision. (Opposition at 3.) We know that the Handset Agreement with which she was presented and which she signed did not contain an arbitration provision. (*Id.)* T-Mobile failed to establish that prior to signing the Handset Agreement, Plaintiff was presented with a document containing the arbitration provision, or, for that matter, any point thereafter. (*Id.*) It is clear that the declaration of Ms. Baca cannot establish anything with respect to when Plaintiff was supposedly given the arbitration agreement as Ms. Baca has no personal knowledge of the transactions involving Plaintiff at all, or even others like it. (*Id.*, n. 2.) Therefore, all documents possessed by T-Mobile pertaining to Plaintiff herself were highly relevant to the sequence of events at issue and to whether an agreement to arbitrate was ever accepted by Plaintiff.

**3. Under The Court's Order And Ninth Circuit Precedent, Discovery Into T-Mobile's "Opt-Out" Procedures Was Necessary To A Determination Of Procedural Unconscionability.**

Plaintiff also sought highly-relevant discovery going to the unconscionability of the purported agreement to arbitrate. (*See* Rivas Decl., Exs. G & H.) The Order dismisses such discovery as irrelevant as it did not focus directly on Plaintiff's experience. (Order at 16.) However, as Ninth Circuit precedent clearly shows, such discovery into other customers' experiences under a standardized agreement to arbitrate is necessary in order to determine whether the agreement is unconscionable, particularly when an "opt out" clause is involved. *See Hoffman,* 546 F.3d at 1085. This proposition is

- 8 -

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

also supported by California statutory law, which provides, "When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination." Cal. Civ. Code 1650.5(b).

In particular, Document Requests Nos. 5 and 6 and Interrogatory No. 9 sought discovery into whether T-Mobile's customers actually were given a meaningful opportunity to utilize the arbitration agreement's touted opt-out provision. (*See* Rivas Decl., Exs. G & H.) They buttress Document Requests Nos. 1 and 4, and Interrogatory No. 8, which go to establishing when customers are actually made aware of the arbitration agreement and opt-out provision. (*Id.*) The Court's order demonstrates the relevance of such discovery. The Court found the existence of substantive unconscionability,[3] but found that, "as there is no procedural unconscionability, the arbitration is not unconscionable on the whole." MTC Order at 11. However, the Court determined there was no procedural unconscionability <u>primarily because of the opt-out provision</u>: "Because the arbitration agreement contains an opt-out provision and is presented in a clear format, the arbitration agreement is not procedurally unsconscionable." (*Id.* at 9.) Under *Hoffman, supra,* the Court's inquiry should have gone further. *See Hoffman,* 546 F.3d at 1085 (noting courts had found "ability to rescind a contract within 21 or 30 days does not necessarily insulate class arbitration waivers within such contracts from procedural unconscionability"); *see also Gentry,* 42 Cal. 4th at 470. "The dispositive questions that the district court has thus far not addressed, however, are the practical impacts of Citibank's 'non-acceptance instructions' and whether, when placed on California's sliding scale, the non-acceptance provision renders the class arbitration waiver conscionable when compared to the degree of substantive unconscionability." *Hoffman,* 546 F.3d at 1085.

If, contrary to Plaintiff's recollection, the "T&A of the Service Agreement" with the arbitration and opt-out provisions truly were delivered to T-Mobile customers with their phones and presented in a

---

[3] The Court found it was substantively unconscionable for the arbitration provision to require customers to arbitrate their claims, while allowing T-Mobile to assign its own claims against customers to debt collectors and send them to court. MTC Order at 11. Plaintiff's Document Requests Nos. 13 and 14 and Interrogatories Nos. 6 and 7 sought discovery into this highly-relevant issue.

- 9 -

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

clear manner, it is reasonable to assume many customers rationally chose to opt out, given that, as this Court noted, there were apparently no adverse consequences to doing so.  MTC Order at 9.  On the other hand, if the discovery sought by Plaintiff revealed few or no "opt outs," then there would be serious questions as to whether customers were ever given the opportunity to opt out.  In a similar situation, the *Hoffman* court ruled, "Given this legal landscape, we remand to the district court so that it may conduct additional fact finding regarding the nature and scope of Citibank's 'instructions for non-acceptance' provision <u>to determine whether the waiver provided enough of a meaningful opportunity to opt out to be enforceable</u>." *Hoffman,* 546 F.3d at 1085.  (emphasis added).  "Expanding the record with respect to issues such as <u>how much additional time the expiration date cutoff typically provides,</u> <u>how many customers exercise their ability to opt out</u> and whether other banks use similar provisions will enable the court to determine whether Citibank provided an 'actual, meaningful, and reasonable choice' such that its class arbitration waiver is not procedurally unconscionable." *Id.* (emphasis added) (citing *Circuit City Stores, Inc. v. Mantor,* 335 F.3d 1101, 1106 (9th Cir. 2003).)

Because the Order did not allow Plaintiff discovery into issues that were critical to the Court's decision, Plaintiff respectfully requests that the Court should reconsider its ruling and should allow Plaintiff limited discovery into those issues.

**IV.    CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a motion for reconsideration of the MTC Order.

DATED: October 26, 2011                     Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**


By: <u>/s/ Rosemary M. Rivas</u>
        Rosemary M. Rivas

Mark Punzalan
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

- 10 -
PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon M. Fauth, Jr.
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 238-9610
Facsimile (510) 337-1431

*Counsel for Individual and Representative*
*Plaintiff Genevieve Meyer*

Case3:10-cv-05858-CRB   Document32   Filed10/26/11   Page13 of 13