IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE MEYER,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA INC.,<br><br>    Defendant._____/ | No. C 10-05858 CRB<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Plaintiff Genevieve Meyer ("Plaintiff") brought a putative class action against T-Mobile USA, Inc. ("T-Mobile"), alleging four causes of action relating to T-Mobile's assessment of state and federal surcharges on its bills to subscribers for mobile telephone services. See generally Rivas Decl. (dkt. 20-1) Ex. A ("Compl."). T-Mobile filed a Motion to Compel Arbitration and Stay the Case, and argued that Plaintiff was bound to an arbitration agreement, including a class action waiver, included in the Terms and Conditions ("T&C") of the Service Agreement that Plaintiff signed when she purchased and renewed her T-Mobile phone service. See Motion to Compel Arbitration ("MTC") (dkt. 16) at 2. In granting T-Mobile's Motion, this Court held that Plaintiff's claims were covered by the arbitration agreement, and that the arbitration agreement was valid and enforceable. Order (dkt. 31) at 1.

Now pending is a Motion for leave to file a Motion for Reconsideration. Plaintiff contends that the Court failed to consider material facts and/or dispositive legal arguments in

the following respects: (1) in finding no degree of procedural unconscionability, (2) in finding no substantive unconscionability by holding that Plaintiff's Request for Judicial Notice ("RJN") (dkt. 25) was improperly filed, and (3) in failing to consider that Plaintiff's proposed discovery requests were highly relevant and critical.

As this Court did consider the relevant material facts that Plaintiff cites, Plaintiff's Motion for leave to file a Motion for Reconsideration is DENIED.

## I.     BACKGROUND

In 1996, Congress passed the Telecommunications Act, requiring telecommunications companies such as T-Mobile to contribute to a federal Universal Service Fund ("Fed-USF") to facilitate universal telecommunications service. Rivas Compl. ¶ 3. A company's required contribution to Fed-USF is calculated according to the company's interstate and international telecommunications revenues, and the company may lawfully pass along to its subscribers the costs of fulfilling its required contribution. Id.

California also has a Universal Service program ("Cal-USF") to which telecommunications companies must contribute. Id. ¶ 5. A company's required contribution to Cal-USF is calculated according to the company's intrastate revenues. Id. A company may lawfully pass along to its subscribers the costs of fulfilling its required contribution, but the company's calculation of its state contribution cannot be based on its interstate or international telecommunications revenues. Id.

Plaintiff purchased two lines of service and phones from T-Mobile on June 27, 2004. See generally Baca Decl. (dkt. 17) Ex. A ("2004 Service Agreement"). Thereafter, Plaintiff renewed and extended her T-Mobile service three times: on June 28, 2007, January 5, 2008, and, most recently, August 1, 2008. Baca Decl. (dkt. 17) ¶ 5.

Plaintiff claims that, during her service contract, T-Mobile assessed "Cal-USF fees based on the aggregate calculation of intrastate, interstate, and international telecommunications services, rather than on intrastate services alone. T-Mobile's practice of including interstate and international revenues in the calculation of Cal-USF fees artificially and unlawfully inflates the five Cal-USF charges on its subscribers' phone bills." Compl. ¶

2

1  6. Based on T-Mobile's alleged misconduct, Plaintiff brought a putative class action on
2  behalf of herself and those similarly situated. Id. ¶ 1. Plaintiff alleges four causes of action:
3  (1) violation of the Federal Communications Act ("FCA"); (2) violation of California's
4  Unfair Competition Law ("UCL"); (3) fraudulent concealment; and (4) violation of the
5  Consumers Legal Remedies Act ("CLRA"). See generally id.

6  T-Mobile argued that Plaintiff is bound to the arbitration agreement, including a class
7  action waiver, contained in the T&C of the Service Agreement Plaintiff signed when she
8  purchased and renewed her T-Mobile phone service. See MTC at 2. Plaintiff argued that the
9  arbitration agreement is unenforceable for the following reasons: 1) T-Mobile agreed that
10 any provision in the Service Agreement rendered invalid under California law would be
11 unenforceable, and the class action waiver was invalid under California law at the time
12 Plaintiff entered the agreement in August 2008; 2) the arbitration agreement is
13 unconscionable; and 3) the arbitration agreement would prevent Plaintiff from vindicating
14 her statutory rights. See generally Opp'n (dkt. 20).

15 Plaintiff requested that if the Court does not find the arbitration agreement
16 unenforceable based on Plaintiff's arguments and available evidence, she be able to conduct
17 limited discovery on the issue of whether the arbitration agreement is valid. Id. at 17.

18 This Court held that Plaintiff's claims are covered by the arbitration agreement and
19 that the arbitration agreement is valid and enforceable. Order at 1. Thus, the Court granted
20 T-Mobile's Motion to Compel Arbitration. Id. Plaintiff now requests leave to file a Motion
21 for Reconsideration. See generally Motion for Leave to File Motion for Reconsideration
22 ("MFR") (dkt. 32).

**II.     LEGAL STANDARD**

To be granted leave to file a motion for reconsideration, a party must demonstrate one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party shall also show that in the exercise of

3

reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.

Civil L.R. 7-9(b). Plaintiff contends that she should be permitted to file a motion for reconsideration because the Court failed to consider certain material facts and/or dispositive legal arguments that were presented to the Court. MFR at i.

## III.   DISCUSSION

Plaintiff contends that the Court failed to consider material facts and/or dispositive legal arguments in the following respects: (1) in finding no degree of procedural unconscionability, (2) in finding no substantive unconscionability by holding that Plaintiff's Request for Judicial Notice was improperly filed, and (3) in failing to consider that Plaintiff's proposed discovery requests were highly relevant and critical. As this Court did consider the relevant material facts that Plaintiff cites, the Court DENIES Plaintiff leave to file a Motion for Reconsideration.

### A.   Procedural Unconscionability

Plaintiff submits that the Court failed to consider the California Supreme Court's instruction in Gentry v. Superior Court, 42 Cal. 4th 443 (2008), by finding no degree of procedural unconscionability. In Gentry, the California Supreme Court held that the existence of an opt-out provision does not necessarily mean that a contract is free of procedural unconscionability; the opt-out provision must provide an "authentic informed choice." Id. at 470. In analyzing whether the opt-out provision was meaningful, the Gentry Court considered many factors, including the clarity and accessability of the provision. Id. at 470-72.

In the Order, this Court acknowledged that "There is no contract of adhesion, however, if the contract provides a meaningful opportunity to opt-out of arbitration." (Citing

4

1  Circuit City Stores, Inc. v. Ahmed, 283 F.3d 1198-99 (9th Cir. 2002)). Although this Court
2  cited to Circuit City rather than Gentry, this Court both acknowledged the meaningfulness
3  standard, and actually considered whether the opt-out provision was meaningful.  In
4  determining whether the provision was meaningful, this Court described that "Plaintiff . . .
5  had thirty days to decide whether to opt out . . . and had the option to do so either by phone
6  or internet." Order at 9. This Court further stated that "the opt-out provision does not
7  describe any adverse consequences of opting out of arbitration, . . . and that Plaintiff was
8  informed of the legal consequences of failing to opt out." Id.  In addition, this Court
9  recognized that the opt-out provision was not a hidden term, but was written in capitalized
10 and bolded letters immediately following the arbitration agreement in the second numbered
11 paragraph of the T&C. Id. Thus, this Court considered whether the opt-out clause was
12 meaningful, and held that "Because the arbitration agreement contains an opt-out provision
13 and is presented in a clear format, the arbitration agreement is not procedurally
14 unconscionable." Order at 9.  Therefore, the Court DENIES Plaintiff leave to file a Motion
15 for Reconsideration as to procedural unconscionability.

16 **B.     Substantive Unconscionability**

17        Plaintiff next contends that the Court failed to consider that the Federal Rules of
18 Evidence provide that a request for judicial notice may be filed at any stage of the
19 proceedings. MFR at 4. In the Order, this Court looked to Local Civil Procedure Rule 7-
20 3(d) and held that Plaintiff's RJN was improperly filed, as it was submitted after the date of
21 the Reply. Order at 3, n.1. Although the local rule has a clear time limit on when a request
22 for judicial notice must be filed, the Federal Rule allows such requests to be filed at any time.
23 Compare Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters
24 may be filed without prior Court approval," with the exception of new evidence or a relevant
25 judicial opinion published after the date the reply was filed); with Fed. R. Evid. 201(f) ("The
26 court may take judicial notice at any stage of the proceeding"). The Ninth Circuit has held
27 that a court is "under an obligation to construe local rules so that they do not conflict with the
28 federal rules." Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); c.f. Liebb v. Brown, No.

5

04-4213, 2007 WL 2778820 at *6 (N.D. Cal. Sept. 21, 2007) (applying Federal Rule of Evidence 201(f) to a Request for Judicial Notice). Thus, this Court failed to consider that the Federal Rules allow requests for judicial notice to be filed at any stage.

Plaintiff intended that the RJN demonstrate the lack of mutuality in the arbitration provision, since T-Mobile can sue consumers, but consumers cannot sue T-Mobile, and must submit to arbitration. MFR at 5. The RJN detailed cases where T-Mobile sued its consumers, evidencing non-mutuality, and thus substantive unconscionability. RJN ¶ 5. In the Order, this Court acknowledged that customers are not provided with the same "unequivocal power" as T-Mobile in challenging the contract, and thus held that the contract was substantively unconscionable. Order at 11. Therefore, although the Court failed to consider the RJN, the notice would not have affected this Court's holding, as this Court already recognized the contract's lack of mutuality. Taking judicial notice of the cases would not push the sliding scale any further towards substantive unconscionability. Therefore, the Court DENIES Plaintiff leave to file a motion for reconsideration as to substantive unsconscionability.

### C. Arbitration-Related Discovery

Finally, Plaintiff contends that the Court failed to consider certain of Plaintiff's proposed discovery requests. MFR at 6. Plaintiff points specifically to Exh. G, Document Requests 1-14, and Exh. H, Interrogatories 1-9. In the Order, this Court held that all discovery requests were beyond the scope allowed by the Federal Arbitration Act ("FAA") as they were overly broad or irrelevant to the disposition of the pending Motion. Id. Plaintiff contends that the Court failed to consider the relevancy of discovery information as to: 1) the contract formation, and 2) the opt-out provision.

#### 1. Discovery into Contract Formation

Plaintiff states that the Court failed to consider the relevancy of discovery requests into the formation of her contract with T-Mobile. MFR at 7. Plaintiff contends that Interrogatory Request Number 8, and Document Requests Number 1 and 4 are highly relevant to this issue, and that without this discovery she was unable to make an argument as

6

to whether an arbitration agreement actually existed. Id. at 7 n.2. In the Order, this Court recognized that the FAA provides for discovery considering "issues relating to the making and performance of the agreement to arbitrate." Order at 15 (quoting Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999)). In considering Plaintiff's discovery requests relating to these issues, this Court held that "Most of Plaintiff's discovery requests do not relate to the validity of Plaintiff's arbitration agreement with T-Mobile. Instead, they concern all agreements, disputes, arbitrations and lawsuits relating to T-Mobile customers in California other than Plaintiff for the entire seven-year 'relevant time period.'" Order at 16 (emphasis added). Although the Order did not specifically cite to the discovery requests Plaintiff mentions, the Court considered the material facts surrounding all of the requests, and denied them, finding that the requests were too broad and irrelevant. Therefore, the Court DENIES Plaintiff leave to file a Motion for Reconsideration as to the discovery requests concerning contract formation.

### 2. Discovery into T-Mobile's "Opt-Out" Procedures

In addition, Plaintiff contends that Document Requests Number 5 and Number 6, and Interrogatory Number 9 are highly relevant to evaluating the contract's procedural unconscionability. Plaintiff states that discovery into other customers' experiences with T-Mobile's agreement is necessary to determine whether the opt-out provision was meaningful, and thus the degree of procedural unconscionability. MFR at 8. In the Order, this Court considered whether the opt-out provision was meaningful, and held that there was no procedural unconscionability. See supra at 6. Thus, the additional discovery into whether the provision was meaningful was unnecessary. This Court did not fail to consider the relevance of these discovery requests. Therefore, the Court DENIES Plaintiff leave to file a Motion for Reconsideration as to the discovery requests.

\\\
\\\
\\\
\\\

7

## IV.　CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to file a Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: July 13, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE